BRENDAN DOLAN, State Bar No. 126732
MORGAN, LEWIS & BOCKIUS LLP
One Market Street
San Francisco, CA 94105
Tel: 415.442.1000
Fax: 415.442.1001

CLIFFORD D. SETHNESS, State Bar No. 212975
JASON M. STEELE, State Bar No. 223189
MORGAN, LEWIS & BOCKIUS LLP
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Telephone:  213.612.2500
Fax:        213.612.2554

*Attorneys for Plaintiff*
PACIFIC MARITIME ASSOCIATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC MARITIME ASSOCIATION, a California corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, an unincorporated labor organization,<br><br>        Defendant. | Case No. CV 08 2244<br><br>**EX PARTE APPLICATION FOR ORDER CONFIRMING ARBITRATION AWARD, FOR ISSUANCE OF A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION** |

Plaintiff Pacific Maritime Association ("PMA") hereby applies *ex parte* for an Order confirming an arbitration award issued pursuant to a collective bargaining agreement, issuing a Temporary Restraining Order enforcing the arbitration award, and issuing an Order to Show Cause re Preliminary Injunction against Defendants International Longshore and Warehouse Union ("ILWU"), represented by Robert S. Remar of Leonard Carder LLP, 1188 Franklin St., Suite 201, San Francisco, California 94109, (415) 771-6400. PMA seeks this Order for the following reasons:

1. On April 24, 2008, the Coast Arbitrator, the final step in the parties' collectively-bargained grievance arbitration machinery, issued an award stating that the ILWU's planned work stoppage on May 1, 2008 violates the collective bargaining agreement, and ordering the ILWU to inform its members to report for work as normal on May 1.

2. On April 30, 2008, the Coast Arbitrator issued another award, concluding that the ILWU failed to comply with the April 24 award and ordering it not to engage in a work stoppage on May 1 and ordering it to take immediate, affirmative steps to inform its members that there would be no work stoppage on that day.

3. The ILWU has failed to comply with these awards.

4. The ILWU's threatened work stoppage on May 1, 2008, will bring West Coast shipping to a standstill and inflict potentially millions of dollars in damages on PMA's members, which those entities will not be able to recoup.

5. The above acts of the ILWU constitute deliberate breach of the collective bargaining agreement.

6. PMA has no plain, speedy and adequate remedy at law to redress the ILWU's conduct and, unless the ILWU and all persons acting for or on behalf of it or in aid of it are restrained and enjoined as herein requested, PMA's members will sustain irreparable and immediate damage to their business. The work stoppage will also undermine the members' reputation for reliability and dependability, and competitively disadvantage them vis-a-vis other means of cargo transport.

7. The ILWU will sustain no damages whatsoever if the Court restrains and enjoins

1  its illegal conduct and orders it to comply with the arbitrators' awards.

2      8.    In support of this Application, PMA incorporates by reference the allegations of their Complaint, the arguments and case support contained in the Memorandum of Points and Authorities filed with this Application, and the Declarations of Richard Marzano and Clifford Sethness, filed concurrently with this Application.

    9.    Notice under FRCP 65 and Local Rule 65-1(b) of the filing of this Application and all related documents has been provided to ILWU counsel Robert Remar, and via telephone, e-mail, and facsimile, as detailed in the Declaration of Clifford D. Sethness.

Dated: April 30, 2008

MORGAN, LEWIS & BOCKIUS LLP

By _____
Clifford D. Sethness
Attorneys for Plaintiff
PACIFIC MARITIME ASSOCIATION