ROBERT S. REMAR (SBN 100124)
PHIL A THOMAS (SBN 248517)
LEONARD CARDER, LLP
1188 Franklin Street, Suite 201
San Francisco, California 94109
Telephone: 415-771-6400
Facsimile: 415-771-7010
rremar@leonardcarder.com
pthomas@leonardcarder.com

Attorneys for Defendant
INTERNATIONAL LONGSHORE
AND WAREHOUSE UNION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC MARITIME ASSOCIATION, a California corporation;<br><br>Plaintiffs,<br><br>v.<br><br>INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, an unincorporated labor organization.<br><br>Defendants. | Case No. CV-08-2244-CW<br><br>**ANSWER TO COMPLAINT** |

DEFENDANT INTERNATIONAL LONGSHORE AND WAREHOUSE UNION ("ILWU') answers Plaintiff's Complaint for Confirmation and Enforcement of Labor Arbitration Award as follows:

1. Answering Paragraph 1 of the Complaint, Defendant admits that this Court has jurisdiction under Section 301 of the Labor Management Relations Act, 29 U.S.C. §185. Defendant denies each and every other allegation set forth in Paragraph 1.

2. Answering Paragraph 2 of the Complaint, Defendant admits the allegations set forth in Paragraph 2.

3. Answering Paragraph 3 of the Complaint, Defendant admits the allegations set forth in Paragraph 3.

4. Answering Paragraph 4 of the Complaint, Defendant admits the allegations set forth in Paragraph 4.

5. Answering Paragraph 5 of the Complaint. Defendant admits the allegations set forth in Paragraph 5.

6. Answering Paragraph 6 of the Complaint. Defendant admits the allegations set forth in Paragraph 6.

7. Answering Paragraph 7 of the Complaint, Defendant admits that the selectively quoted language appears in the Pacific Coast Longshore & Clerks Agreement ("PCLCA"). Defendant denies each and every other allegation set forth in Paragraph 7.

8. Answering Paragraph 8 of the Complaint, Defendant admits that the selectively quoted language appears in the PCLCA. Defendant denies each and every other allegation set forth in Paragraph 8.

9. Answering Paragraph 9 of the Complaint, Defendants admits that the PCLCA imposes certain duties on ILWU and its officers, and on persons working under the PCLCA. Defendant denies each and every other allegation set forth in Paragraph 9.

10. Answering Paragraph 10 of the Complaint, Defendant admits that the Longshore Caucus held a conference on the dates and at the locations alleged, and that the delegates to this conference passed a resolution calling for certain action to protest the War in Iraq. Defendant denies each and every other allegation set forth in Paragraph 10.

11. Answering Paragraph 11 of the Complaint, Defendant admits that the selectively quoted language appeared on www.uslaboragainstwar.org. Defendant denies each and every other allegation set forth in Paragraph 11.



12. Answering Paragraph 12 of the Complaint, Defendant admits that Defendant and some of its constituent local unions informed PMA of their intent to move the May stop-work meeting to the day shift of May 1, 2008, as provided by the PLCLA. Defendant further admits that ILWU President McEllrath sent letters to various labor organizations seeking their support. Defendant denies each and every other allegation set forth in Paragraph 12.

13. Answering Paragraph 13 of the Complaint, Defendant admits that Section 12.3 of the PCLCA sets forth the procedures for scheduling monthly stop-work meetings. Defendant denies each and every other allegation set forth in Paragraph 13.

14. Answering Paragraph 14 of the Complaint, Defendant admits that it received a letter from PMA President McKenna dated March 17, 2008 and that that letter contains the selectively quoted language. Defendant denies each and every other allegation set forth in Paragraph 14.

15. Answering Paragraph 15 of the Complaint, Defendant admits that it received a letter from PMA dated April 3, 2008 that purports to confirm a conversation between PMA President McKenna and ILWU President McEllrath that allegedly took place on April 2, 2008. Defendant denies each and every other allegation set forth in Paragraph 15.

16. Answering Paragraph 16 of the Complaint, Defendant admits that it received a letter from PMA dated April 3, 2008 that makes certain requests. Defendant denies each and every other allegation set forth in Paragraph 16.

17. Answering Paragraph 17 of the Complaint, Defendant admits that ILWU President McEllrath sent a letter dated April 8, 2008 to PMA President McKenna. Defendant further admits that an article entitled headlined "Stop work meetings on May 1 will focus on Iraq war" appears in the April issue of the Dispatcher. Defendant denies each and every other allegation set forth in Paragraph 17.

18. Answering Paragraph 18 of the Complaint, Defendant admits that it received a letter dated April 11, 2008 from PMA President McKenna. Defendant further admits that ILWU



President McEllrath sent a letter dated April 15, 2008 that contains the selectively quoted language.  Defendant denies each and every other allegation set forth in Paragraph 18.

19. Answering Paragraph 19 of the Complaint, Defendant admits that the resolution of disputes by Coast Arbitrator John Kagel is the final step in the grievance process set for the in the PCLCA.  Defendant further admits that on April 23, 2008 PMA submitted a dispute to the Coast Arbitrator, that the Coast Arbitrator held a hearing on the dispute on April 24, 2008, and that the Coast Arbitrator issued a decision following the hearing.  Defendant denies each and every other allegation set forth in Paragraph 19.

20. Answering Paragraph 20 of the Complaint, Defendant denies each and every allegation set forth in Paragraph 20.

21. Answering Paragraph 21 of the Complaint. Defendant denies each and every allegation set forth in Paragraph 21.

22. Answering Paragraph 22 of the Compliant, Defendant denies each and every allegation set forth in Paragraph 22.

23. Answering Paragraph 23 of the Complaint, Defendant lacks sufficient information or belief upon which to respond to the allegations set forth in Paragraph 23, and on that basis denies them..

24. Answering Paragraph 24 of the Complaint, Defendant lacks sufficient information or belief upon which to respond to the allegations set forth in Paragraph 24, and on that basis denies them

25. Answering Paragraph 25 of the Complaint, Defendant denies each and every allegation set forth in Paragraph 25.

Defendant additionally alleges the following Affirmative Defenses to the Complaint:

FOR A FIRST AFFIRMATIVE DEFENSE, Defendant asserts that Plaintiff has failed to state a claim for which relief may be granted.

FOR A SECOND AFFIRMATIVE DEFENSE, Defendant asserts that Plaintiff's claims

are barred by the equitable doctrines of waiver, estoppel, and laches.

FOR A THIRD AFFIRMATIVE DEFENSE, Defendant asserts that Plaintiff's claims for temporary, preliminary and permanent injunctive relief are moot since the event to be enjoined has already passed.

FOR A FOURTH AFFIRMATIVE DEFENSE, Defendant asserts that Plaintiff is contractually and legally precluded from obtaining any money damages for alleged violations of the PCLCA, as held in *PMA v ILWU*, 232 F.3d 895, 2000 WL 986957 (C.A.9 (Cal.) 2000).

FOR A FIFTH AFFIRMATIVE DEFENSE. Defendant asserts that Plaintiff is barred from seeking or obtaining any money damages for alleged violations of the PCLCA pursuant to the res judicata and/or collateral estoppel effect of *PMA v ILWU*, 232 F.3d 895, 2000 WL 986957 (C.A.9 (Cal.) 2000).

FOR A SIXTH AFFIRMATIVE DEFENSE, Defendant asserts that Plaintiff has failed to mitigate damages.

FOR A SEVENTH AFFIRMATIVE DEFENSE, Defendant asserts that Plaintiff's claims are barred by the Norris-LaGuardia Act, 29 U.S.C. §101 et seq.

FOR AN EIGHTH AFFIRMATIVE DEFENSE, Defendant asserts that the relief Plaintiff seeks would impose a content-based restriction on the speech and assembly rights of longshore workers, in violation of the First Amendment to the U.S. Constitution.

FOR A NINTH AFFIRMATIVE DEFENSE, Defendant asserts that the relief Plaintiff seeks would compel involuntary servitude, in violation of the Thirteenth Amendment to the U.S. Constitution.

FOR A TENTH AFFIRMATIVE DEFENSE, Defendant asserts that Plaintiff has assumed the risk that no particular number of longshore workers will report to the dispatch hall on any particular day.

Wherefore, Defendant prays that Plaintiff take nothing by its Complaint and that judgment be entered as follows:

1. In favor of Defendant;

2. For all costs and reasonable attorneys' fees incurred by Defendant to defend this action; and

3. For such other relief as this Court may deem proper.

DATED: May 13, 2008                    Respectfully submitted,

                                       LEONARD CARDER, LLP

                                       By: _____
                                       Phil A Thomas
                                       Attorneys for Defendants

LEONARD CARDER, LLP
ATTORNEYS
1188 FRANKLIN STREET, SUITE 201
SAN FRANCISCO, CALIFORNIA 94109
TELEPHONE: (415) 771-6400   FAX (415) 771-7010